IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 98 CR 755 |
| vs. | ) | Magistrate Judge Jeffrey Gilbert |
| | ) | |
| PAUL FROMM, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Paul Fromm's Motion for an Order Waiving Interest Payments on the Restitution Ordered on March 26, 1999 [24]. For the reasons stated herein, the Motion is denied.

## BACKGROUND

Mr. Fromm pled guilty to a misdemeanor offense on November 11, 1998. He was sentenced on March 26, 1999 to five months of home confinement with electronic monitoring and was ordered to pay restitution in the amount of $94,957.99. He also served a one-year term of supervised release, which successfully terminated on June 19, 2000. At the time of sentencing, the sentencing judge did not waive interest on the restitution payment and ordered Mr. Fromm to make a minimum payment of $50 per month. Mr. Fromm filed the instant Motion [24] with an accompanying Memorandum of Law in Support of Motion [33] asking the Court to enter an order, *nunc pro tunc*, waiving any and all interest payments on the restitution ordered by the Court on March 26, 1999 [19].

Mr. Fromm represents to the Court that he is unable to make restitution payments that are greater than the court-ordered $50 per month imposed at the time of sentencing. Mr. Fromm

1

states that he and his wife receive disability benefits and that he cannot pay more than the court-ordered minimum amount. In his Motion, Mr. Fromm argues that "[t]he additional burden of interest simply makes an impossible situation worse." Fromm's Motion [24], at 2.

## DISCUSSION

18 U.S.C. § 3612(f) specifically requires that a defendant "shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." *See* 18 U.S.C. § 3612(f)(1). Section 3612(f), however, further provides that a court may modify and/or waive the interest requirement on a fine or restitution amount greater than $2500 if a defendant demonstrates he does not have the ability to pay interest. *See* 18 U.S.C. § 3612(f)(3). Section 3612(f)(3) specifically states:

> If the Court determines that the defendant does not have the ability to pay interest under this subsection, the court may –
>
> (A) waive the requirement of interest;
> (B) limit the total of interest payable to a specific dollar amount; or
> (C) limit the length of the period during which interest accrues.

18 U.S.C. § 3612(f)(3). In other words, interest on a restitution order of more than $2,500 is mandatory unless specifically waived by the sentencing judge. *See* 18 U.S.C. § 3612(f)(1).

Mr. Fromm argues that the Court has jurisdiction under 18 U.S.C. § 3612(f) to enter an order waiving the interest on the court-ordered restitution *nunc pro tunc* – in other words, to waive retroactively all of the interest that has accrued to date as well as all future interest in this case, which essentially would eliminate the interest requirement on the restitution that was ordered by the sentencing judge on March 26, 1999. The Court disagrees that it can waive the interest component of Mr. Fromm's sentence retroactively. The sentencing judge declined to waive interest at the time the sentence was imposed. This Court cannot undo the sentence that was imposed, and it will not interfere with the sentencing judge's decision.

2

Once the sentencing judge imposes a defendant's sentence, the district court has limited authority to revisit that sentence, and its authority must derive from a specific statute or rule. *See United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). A restitution order, like the other components of a criminal sentence, is a final judgment, and it can be modified post-judgment only under limited circumstances. *Id.* (citing *Carlise v. United States*, 517 U.S. 416 (1996)). 18 U.S.C. § 3664(o) sets forth the circumstances under which a sentence can be modified. Section 3664(o) specifically provides:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that –
>
> (1) such a sentence can subsequently be –
>
>     (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>     (B) appealed and modified under section 3742;
>     (C) amended under subsection (d)(5); or
>     (D) adjusted under section 3664(k), 3572, or 3613A; or
>
> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o). On the record before this Court, Mr. Fromm does not satisfy any of the exceptions enumerated in section 3664(o), which would permit the Court to modify retroactively the sentenced imposed by the district court on March 26, 1999.

Mr. Fromm's reliance on section 18 U.S.C. § 3612(f)(3) is misplaced. As a threshold matter, Congress did not identify section 3612(f)(3) as a basis upon which an order of restitution can be altered or modified under 18 U.S.C. § 3664(o). In addition, in this case, the sentencing judge did not find at the time of sentencing that Mr. Fromm did not have the ability to pay interest. At the time of sentencing, defense counsel could have requested that the district court waive the requirement that Mr. Fromm pay interest for the relatively large restitution amount. Based on the Court's review of the docket in this case, it does not appear that request was made.

The sentencing judge recognized that Mr. Fromm may not have been able to pay a large amount of restitution on a monthly basis by ordering a payment of only $50 per month. Based on a monthly payment of $50, it would take Mr. Fromm 158 years to pay in full the court-ordered restitution without even considering the accrual of interest. With that knowledge, however, the sentencing judge still did not waive the interest requirement. The Court concludes that it does not have jurisdiction to go back in time to, in effect, alter the sentence that was imposed by the sentencing judge and waive all interest *nunc pro tunc*.

As discussed above, a district court does have jurisdiction to modify a payment schedule and/or waive interest under limited circumstances. As specifically enumerated in 18 U.S.C. § 3664(o), a sentence can be "adjusted under section 3664(k), 3572, or 3613A." *See* 18 U.S.C. § 3664(o)(1)(D).[1] Under either sections 3664(k) or 3572(d)(3), a person may seek adjustment to the interest payment and/or payment schedule if he can show that his economic circumstances have changed since the fine or restitution was ordered to be paid. *See* 18 U.S.C. §§ 3664(k), 3572(d)(3). The Court interprets both sections 3664(k) and 3572(d)(3) to mean that a district court has the authority to modify a payment schedule, including the interest component of a restitution judgment, prospectively (but not retroactively) if a defendant can show that his economic circumstances have changed since imposition of the sentence. *See* 18 U.S.C. §§ 3664(k), 3572(d)(3). That, however, is not what Mr. Fromm requests in the instant Motion. Mr. Fromm requests an order "waiving any and all interest payments on the restitution Order entered by this Court on March 26, 1999 . . . ." Fromm's Motion [24], at 1.

Even if the Court were inclined to recast Mr. Fromm's Motion as seeking prospective relief only, which it is not prepared to do, the present record is insufficient for the Court to consider such a request. For example, the explanation concerning Mr. Fromm's financial

---

[1] 18 U.S.C. § 3613A does not apply to the circumstances of this case.

circumstances in the instant Motion is cursory and unsupported by an affidavit to verify Mr. Fromm's statements about his financial condition.

## CONCLUSION

For the reasons set forth in the Court's Memorandum Opinion and Order, Defendant Paul Fromm's Motion for an Order Waiving Interest Payments on the Restitution Ordered on March 26, 1999 [24] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
Magistrate Judge

Dated: June 18, 2014